CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 20 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TROY W. DALTON, | ) |
| Petitioner, | ) Case No. 7:09CV00337 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| GENE M. JOHNSON, DIRECTOR, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Respondent. | ) |

Petitioner Troy W. Dalton, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Dalton challenges the validity of his confinement pursuant to the January 2007 judgment of the Circuit Court for Campbell County, Virginia, under which he stands convicted of Driving Under the Influence, Habitual Offender, Eluding Police, and Possession of Marijuana. Upon review of the record, the court finds that the petition must be dismissed.

## Background

Dalton pleaded guilty to the charges against him and was sentenced on January 17, 2007 to fifteen years and thirty days imprisonment. No appeal was filed. Dalton claims that he believed his attorney had filed an appeal on his behalf. However, on March 15, 2007, he learned that no such appeal had been filed and that the time for appeal had expired. His subsequent petition for a writ of habeas corpus in the Supreme Court of Virginia was dismissed by order entered July 30, 2009, as untimely filed, pursuant to Virginia Code § 8.01-543(A)(2).

Dalton signed and dated his federal habeas petition on or about August 1, 2009. The court informed Dalton that his petition appeared to be untimely filed, pursuant to 28 U.S.C. § 2244(d) and that it was not clear whether he had exhausted his state court remedies. Dalton has responded, providing additional information as to why he believes his petition should be considered by the court. In his petition, Dalton alleges the following grounds for relief:

1. Counsel provided ineffective assistance in failing to consult with petitioner about filing a timely notice of appeal;
2. The trial court failed to date stamp the sentencing order in compliance with state law, thus depriving the court of jurisdiction.
3. The trial judge could not have been impartial because he suffered from Parkinson's disease and, as petitioner only recently discovered, has since been forced to leave his post because of the disease.

## Discussion

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final, which occurs when "the availability of direct review is exhausted." See 28 U.S.C. § 2244(d)(1)(A).[1] However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review . . . is pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

---

[1] Under § 2244(d), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).
   Here, Brown does not allege any facts on which his limitation period could be calculated under subsections (B), (C), or (D). Therefore, the court will consider the timeliness of the petition only under subsection (A).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a defendant seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. See Harris, 209 F.3d at 330.

Dalton's federal petition is untimely filed under § 2244(d)(1)(A). The Circuit Court for Campbell County entered judgment against Dalton on January 17, 2007. He then had thirty (30) days in which to file a notice of appeal to the Court of Appeals of Virginia. See Rule 5A:6(a) of the Rules of the Supreme Court of Virginia. He did not appeal. Therefore, his conviction became final on February 16, 2007, when his opportunity to pursue a direct appeal expired. On that same day, the one-year period under § 2244(d)(1)(A) to file a § 2254 petition began to run for Dalton; that one-year filing period expired for him on or about February 19, 2008.

Dalton's state habeas petition did not toll the statutory period under § 2244(d)(2). Dalton signed and dated his habeas petition to the Supreme Court of Virginia on May 22, 2009. (Pet. Ex. A.) As Dalton did not file his state petition until more than a year after his statutory period under § 2244(d)(1)(A) had expired in February 2008, the pendency of the state petition did not toll the period of limitation pursuant to § 2244(d)(2). See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D. N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run.").

Moreover, Dalton's state court habeas petition was not "properly filed," because the Supreme Court of Virginia rejected the petition as untimely; an improperly filed state habeas petition does not trigger tolling under § 2244(d)(2). Pace, 544 U.S. at 417.

- 3 -

Dalton filed his federal <u>habeas</u> petition, at the earliest, on August 1, 2009,[2] more than two years after his filing period under § 2244(d)(1)(A) expired. Thus, unless he can demonstrate some reason that the filing period should be calculated under another subsection of § 2244(d)(1) or some ground on which he is entitled to equitable tolling, the court must dismiss his petition as untimely filed.

Subsection § 2244(d)(1)(B) does not apply, as Dalton does not allege that any unconstitutional action by state officials impeded his ability to seek federal habeas relief. Likewise, § 2244(d)(1)(C) does not apply, as Dalton does not base any of his claims on a recent ruling by the United States Supreme Court.

Dalton does appear to invoke § 2244(d)(1)(D). First, he states that he "did think that he made a[n] appeal of his case which was prejudice to him in relation to time tolling." Perhaps Dalton is arguing that as to his claim regarding counsel's failure to consult with him about an appeal, his federal filing period should not begin to run until he learned on March 15, 2007 that counsel had not filed a notice of appeal. Even calculating his filing period under § 2244(d)(1)(D), however, the claim is untimely, because Dalton waited more than one year after March 15, 2007 to file his federal petition. Because he filed his state <u>habeas</u> petition more than one year after that date, the pendency of that petition does not toll the federal filing period.

In addition, Dalton asserts that he only recently "realized grounds set fort[h] in his petition." Late discovery of a legal claim is not one of the exceptions to the one-year filing period under § 2244(d)(1)(D), which requires a showing of new facts which could not have been discovered earlier with due diligence. Dalton mentions that he has a low IQ, but does not explain why this fact prevented him from discovering his current claims earlier or from filing a timely federal petition. He thus fails to demonstrate any ground on which he is entitled to equitable tolling.

---

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988).

Case 7:09-cv-00337-GEC-mfu Document 5 Filed 08/20/09 Page 4 of 6 Pageid#: 38

As for the late discovery of the judge's illness, even assuming that this is a newly discovered fact under § 2244(d)(1)(D), the claim itself offers no ground for federal <u>habeas</u> relief. Dalton fails to allege facts concerning how Parkinson's disease prevented the trial judge from rendering an impartial ruling, particularly in a case where the defendant pleaded guilty. Accordingly, Dalton fails to demonstrate that the judge's illness had "a substantial and injurious effect or influence in determining the jury's verdict" as required before this court could grant <u>habeas</u> relief on this ground. <u>Brecht v. Abramson</u>, 507 U.S. 619, 623 (1993).

In a final attempt to circumvent the federal limitation period, Dalton argues that a claim alleging lack of jurisdiction can be raised at any time under Virginia law, such that the Supreme Court of Virginia erred in finding that his jurisdiction claim was time-barred. This court cannot second guess the ruling of the Supreme Court of Virginia, however, as to the proper application of state law. <u>See</u> <u>Estelle v. McQuire</u>, 502 U.S. 62, 72 (1991). Furthermore, a violation of state law does not present any ground for federal <u>habeas</u> relief. <u>See</u> § 2254(a) (authorizing <u>habeas</u> relief where state prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States").

## **Conclusion**

For the stated reasons, the court concludes that Dalton's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, must be summarily dismissed, as it is clear from the face of his submissions that he is not entitled to relief.[3] His claim of ineffective assistance of counsel is untimely filed, he presents no grounds for equitable tolling, and his other claims do not present grounds on which he is entitled to <u>habeas</u> relief. An appropriate order will enter this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).

---

[3] Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 20th day of August, 2009.

_____
United States District Judge